UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN C. FUSTOLO,<br><br>              Plaintiff,<br><br>    v.<br><br>SELECT PORTFOLIO SERVICING, INC.<br>and FEDERAL HOME LOAN MORTGAGE<br>CORP. as Trustee of SCRT 2019-2,<br><br>              Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 23-cv-10166-DJC<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM AND ORDER**

**CASPER, J.**                                              **December 6, 2024**

## I.     Introduction

Plaintiff Steven Fustolo ("Fustolo") has filed this lawsuit against Select Portfolio Servicing, Inc. ("SPS") and Federal Home Loan Mortgage Corp., as Trustee of SCRT 2019-2 ("Freddie Mac") ("collectively, "Defendants"). D. 1-3. After allowing Defendants' motion to dismiss in part, D. 23, only Count II (seeking a declaratory judgment that Defendants are not entitled to foreclose because of a defect in its default notice) remains. Both Defendants and Fustolo have moved for summary judgment as to this last claim. D. 37; D. 38. For the reasons stated below, the Court ALLOWS Defendants' motion for summary judgment, D. 37, and DENIES Fustolo's motion, D. 38.

## II.    Standard of Review

The Court grants summary judgment where there is no genuine dispute as to any material fact and the undisputed facts demonstrate that the moving party is entitled to judgment as a matter

of law.  Fed. R. Civ. P. 56(a).  "A fact is material if it carries with it the potential to affect the outcome of the suit under applicable law."  Santiago–Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000) (citation omitted).  The movant "bears the burden of demonstrating the absence of a genuine issue of material fact."  Carmona v. Toledo, 215 F.3d 124, 132 (1st Cir. 2000); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  If the movant meets its burden, the non-moving party may not rest on the allegations or denials in its pleadings, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986), but must come forward with specific admissible facts showing that there is a genuine issue for trial.  See Borges ex rel. S.M.B.W. v. Serrano–Isern, 605 F.3d 1, 5 (1st Cir. 2010). The Court "view[s] the record in the light most favorable to the nonmovant, drawing reasonable inferences in his favor." Noonan v. Staples, Inc., 556 F.3d 20, 25 (1st Cir. 2009).  "When deciding cross-motions for summary judgment, the court must consider each motion separately, drawing inferences against each movant in turn."  Reich v. John Alden Life Ins. Co., 126 F.3d 1, 6 (1st Cir. 1997) (citation omitted).

### III.  Factual Background

Unless otherwise noted, the Court draws the following facts from the parties' statements of undisputed facts and responses to same.  D. 37-2; D. 38-1.

In December 2007, Fustolo acquired Unit #14 at 115 Salem Street, Boston, MA (the "Property").  D. 37-2 ¶ 1; D. 38-1 ¶ 1.  In 2008, Fustolo mortgaged the Property.  D. 37-2 ¶ 2; D. 38-1 ¶ 2.  SPS is the servicer of the Mortgage on behalf of Freddie Mac.  Id. ¶ 3.  The Mortgage included an acceleration clause at Paragraph 22 which provides:

> Acceleration: Remedies.  Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 17 unless Applicable Law provides otherwise).  The notice shall specify (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to the Borrower, by which the default must be cured; and (d) that failure to cure the

default on or before the date specified may result in acceleration of the sums secured by the Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the nonexistence of a default or any other defense of Borrower to acceleration and sale . . ."

D. 38-1 ¶ 9; D. 1-3 at 33.[1] On September 7, 2021, SPS, on behalf of the Trust, sent Fustolo a document titled "90-Day Right to Cure Your Mortgage Default" (the "Notice"). Id. ¶ 10; D. 37-2 ¶ 2; D. 38-1 ¶ 2; D. 1-3 at 98-99. The Notice did not state or otherwise inform Fustolo of "the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale." D. 38-1 ¶ 11. On the same day, SPS sent Fustolo a letter (the "Letter") that included the "right to bring court action" language, stating on the last page: "You have the right to bring a court action to assert the non-existence of a default or any other defense you may have to acceleration and sale." Id. at ¶¶ 12-13; D. 1-3 at 100-02. When Fustolo did not cure the default, the Freddie Mac noticed and scheduled a foreclosure sale of the Property. D. 37-2 ¶ 5; D. 38-1 ¶ 5. The sale was subsequently cancelled, D. 37-2 ¶ 6; D. 38-1 ¶ 6, and the record does not reflect that any foreclosure on the property is pending. D. 37 at 4; see D. 37-1 ¶ 10.

## IV. Procedural History

Fustolo filed this action on December 30, 2022 in Suffolk Superior Court. D. 1-3. Defendants removed the action to this Court, D. 1, and moved for dismissal. D. 15. On November 13, 2023, the Court allowed Defendants' motion to dismiss as to all claims except Count II. D. 23. Both Defendants and Fustolo now have moved for summary judgment as to Count II. D. 37; D. 38. The Court heard the parties on the pending motion and took the matter under advisement. D. 44.

---

[1] Defendants did not respond to Fustolo's statement of additional, material facts, D. 38-1 ¶¶ 9-13, so they are deemed admitted. D. Mass. L.R. 56.1. The Court also notes, however, that the provisions of the Mortgage and the contents of the Notice and the Letter (which are the subject of Fustolo's statement of additional, material facts) are also not otherwise disputed by any of the parties on this record. See D. 23 at 3, 5; D. 1-3 at 98-102.

V.    **Discussion**

   A.    **Mootness**

In Count II, Fustolo asserts that he is entitled to a declaratory judgment that the Notice was faulty because it did not "contain the [] 'right to bring court action' language," D. 38 at 9, as required under Paragraph 22 of the Mortgage. D. 1-3 ¶¶ 51–60. Defendants argue that their motion for summary judgment should be granted because this claim is moot since the Notice is related to a foreclosure that was subsequently cancelled. D. 37 at 2-4.

"The doctrine of mootness enforces the mandate 'that an actual controversy must be extant at all stages of the review, not merely at the time the complaint is filed.'" Am. C.L. Union of Massachusetts v. U.S. Conf. of Cath. Bishops ("ACLUM"), 705 F.3d 44, 52 (1st Cir. 2013) (quoting Mangual v. Rotger-Sabat, 317 F.3d 45, 60 (1st Cir. 2003)). "The burden of establishing mootness rests with the party invoking the doctrine." Id. A claim is moot when "the court cannot give any effectual relief to the potentially prevailing party." Town of Portsmouth, R.I. v. Lewis, 813 F.3d 54, 58 (1st Cir. 2016) (quoting ACLUM, 704 F.3d at 52). A request for declaratory relief "can only survive a mootness challenge where 'the facts alleged show that there is a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" Harris v. Univ. of Massachusetts Lowell, 43 F.4th 187, 192 (1st Cir. 2022) (quoting ACLUM, 705 F.3d at 53–54) (emphasis omitted). Here, given that it is undisputed that the foreclosure that was the subject of the Notice has been cancelled, D. 37-2 ¶ 6; D. 38-2 ¶ 6, and there is no foreclosure pending on the Property, D. 37 at 4; see D. 37-1 ¶ 10, the record does not present a live controversy, or one "of sufficient immediacy and reality to warrant the issuance of

a declaratory judgment." Harris, 43 F.4th at 192. Accordingly, Count II is moot and declaratory relief is unwarranted.[2]

Fustolo, however, argues that Count II is not moot because without a declaratory judgment, "nothing would prevent the 'new notices' promised by Defendants from containing the same deficiencies." D. 38 at 6. In other words, Fustolo argues that this claim is one that is "capable of repetition, yet evading review." Id. "Capable of repetition, yet evading review" is an exception to the mootness doctrine that applies "only in 'exceptional situations.'" Davidson v. Howe, 749 F.3d 21, 26 (1st Cir. 2014) (quoting City of Los Angeles v. Lyon, 461 U.S. 95, 109 (1983)). To qualify under this exception, Fustolo must show that "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [i]s a reasonable expectation that the same complaining party w[ill] be subjected to the same action again." Harris, 43 F.4th at 194 (alterations and emphasis in original) (quoting Doe v. Hopkinton Pub. Sch., 19 F.4th 493, 511 (1st Cir. 2021)). A party invoking this exception must "show that both prongs to this conjunctive test are satisfied." Lowe v. Mills, 718 F. Supp. 3d 69, 81 (D. Me. Feb. 23, 2024).

---

[2] To support its argument that declaratory relief would not amount to an advisory opinion (as the Court raised at the motion hearing), Fustolo relies upon Towd Point Mortg. Trust v. Cruz, No. 19H79SP005472, 8 W. Div. H. Ct. 116, 118 (Mass. Hous. Ct. Mar. 11, 2021), D. 19-2, which this Court had previously cited in its denial of Defendants' motion to dismiss as to Count II. D. 23 at 12. Towd, however, is factually distinguishable on this point. In Towd, the SPS, as it did here, sent a mortgagor a package that contained two separate documents regarding past-due mortgage payment and loan obligations, with only one of the documents containing the "right to bring a court action" language as required in Paragraph 22 of that mortgage. Towd, 8 W. Div. H. Ct. at 118. Unlike here, however, the foreclosure in Towd proceeded to completion. Id. at 120. The plaintiff challenged the foreclosure sale, arguing that the sale was void *ab initio* for failing to "strictly comply with the notice provision set forth in Paragraph 22." Id. at 116. Thus, unlike here, Towd presented a live controversy for which a declaratory judgment would have been proper. See Ka Lok Lau v. Holder, 880 F. Supp. 2d 276, 281 (D. Mass. 2012) (noting that the "key difference between an advisory opinion and declaratory judgment is that declaratory judgment is by definition a determination of an actual controversy").

Fustolo fails to meet his burden here as to showing that this exception to the mootness doctrine applies here. First, Fustolo has failed to satisfy the first element as challenges to deficient foreclosure notices "are not among or closely analogous to the 'inherently transitory' claims that the Supreme Court has previously found to fit this exception." Harris, 43 F.4th at 194; see ACLUM, 705 F.3d at 57 (collecting cases). Moreover, Fustolo has failed to show that there is "a realistic threat that no trial court ever will have enough time to decide the underlying issues" before the plaintiff's claim becomes moot. Harris, 43 F.4th at 194 (quoting Cruz v. Farquharson, 252 F.3d 530, 535 (1st Cir. 2001)). The same is true here if Defendants seek foreclosure in the future with a faulty notice. See e.g. Towd, 8 W. Div. H. Ct. at 118; D. 19-2.

Second, Fustolo has failed to show a reasonable expectation that he will be subject to the same action again. To prevail, Fustolo must provide evidence showing a "'reasonable expectation' or 'demonstrated probability' that 'the same controversy will recur involving the same complaining party.'" In re Ruiz, 83 F.4th 68, 74 (1st Cir. 2023) (quoting FEC v. Wis. Right to Life, Inc., 551 U.S. 449, 463 (2007)). The probability of repetition must be sufficiently concrete and cannot rest on mere "'speculation' about some future potential event." Harris, 43 F.4th at 195 (quoting Pietrangelo v. Sununu, 15 F.4th 103, 106 (1st Cir. 2021)).

Fustolo argues that without judicial intervention Defendants will continue to send out default notices containing the same deficiencies. D. 38 at 6. Fustolo, however, fails to show a reasonable expectation that Defendants will likely repeat the same mistakes in future foreclosure notices. Ruiz, 83 F.4th at 74. Mere speculation of repeated misconduct without more is insufficient to establish a "reasonable expectation" or "demonstrated probability" that Defendants will repeat their mistake. See Harris, 43 F. 4th at 195 (explaining that reasonable expectation or demonstrated probability cannot rest on mere speculation); Russman v. Bd. of Educ. of Enlarged

6

City Sch. Dist. of City of Watervliet, 260 F.3d 114, 120 (2d Cir. 2001) (stating that "[t]o create a reasonable expectation of recurrence, repetition must be more than theoretically possible").  This is particularly true in light of the undisputed declaration on behalf of SPS and Freddie Mac that they will not rely upon the Notice as to any future foreclosures.  D. 37-1 ¶ 10.  Because Fustolo cannot show that his claim is one capable of repetition yet evading review, this exception to the mootness doctrine does not apply.

### VI.    Conclusion

For the foregoing reasons, the Court ALLOWS Defendants' motion for summary judgment, D. 37, and DENIES Fustolo's cross-motion for summary judgment, D. 38.

**So Ordered.**

/s Denise J. Casper
United States District Judge